UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

APRIL WEST, SHENITA HORTON,
NATALIE ESPINOZA, SHIRA RAYMOND,
AWILDA BOSQUE, BOBBIE PRESCOTT,
JULETTE MURPHY, ELIZABETH TORRES,
CAROLINE WESLEY, MARY RANSON,
ANGELA CLEMENTS, CLARA TRUJILLO,
JEFFREY POLINSKE, RAFAEL GARCIA, JR. and
DESIREE SEAMSTER,

          Plaintiffs,

v.                                 Case No. 08-CV-670

KAREN TIMBERLAKE, JASON HELGERSON,
COREY HOZE and FELICE RILEY

          Defendants.

_____

## ORDER

On July 7, 2008, plaintiffs filed a summons and complaint in Milwaukee County Circuit Court seeking declaratory and injunctive relief against defendants for violating various federal and state laws in implementing and administering the State of Wisconsin's Food Stamp, Medical Assistance and BadgerCare Plus programs. On August 6, 2008, defendants filed a notice of removal to the United States District Court for the Eastern District of Wisconsin. (Docket #1). After amending their complaint, plaintiffs moved to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Before addressing plaintiffs motion to certify a class, the court notes that plaintiffs have also moved to amend their complaint. (Docket #18). Under the court's

scheduling order issued on October 2, 2008, the parties had until October 31, 2008, to amend their pleadings without seeking formal leave of the court. (Docket #15). Plaintiffs filed their amended complaint on October 31, 2008. Therefore, plaintiffs did not need to seek the court's leave to file it. Nonetheless, plaintiffs' motion is unopposed and the court will grant their motion.

Plaintiffs next move to certify this case as a class action under Rule 23. In their motion, plaintiffs initially proposed a class and a subclass. Defendants did not challenge the appropriateness of certifying a class action, but asked that the class be defined more narrowly. Defendants also object to certification of a subclass. In their reply brief, plaintiffs modified the proposed class to the following: "All eligible applicants for and recipients of Food Stamps, Medical Assistance and BadgerCare Plus benefits whose applications and/or continuing eligibility for such benefits are processed by Milwaukee County." Defendants have apparently agreed to this construction. Plaintiffs also withdrew their proposed subclass.

A party seeking class certification has the burden of demonstrating that certification is appropriate. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). To meet this burden, the party must establish a class action will "advance 'the efficiency and economy of litigation which is a principal purpose of the procedure.'" *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)).

-2-

Case 2:08-cv-00670-JPS   Filed 04/08/09   Page 2 of 9   Document 31

The court conducts a two-step analysis to determine whether class certification is appropriate. First, the plaintiff must satisfy all four requirements of Rule 23(a), which are numerosity, commonality, typicality, and adequacy of representation. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (citations omitted). Second, the plaintiff must satisfy one of the conditions of Rule 23(b). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

Numerosity pursuant to Rule 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[T]he court is entitled to make common sense assumptions in order to support a finding of numerosity." *Stawski v. Secured Funding Corp.*, No. 06-CV-918, 2008 WL 647024, at *1 (E.D. Wis. 2008) (quoting *Patrykus v. Gomilla*, 121 F.R.D. 357, 360 (N.D. Ill. 1988)). Here, the plaintiffs state that in Milwaukee County there are approximately 67,637 households receiving Food Stamp benefits, 51,210 disabled and elderly persons receiving benefits through the Medical Assistance program, and 155,042 adults and children receiving BadgerCare Plus benefits. Plaintiffs concede that these numbers do not take into account duplication in counting persons receiving benefits under multiple state programs. However, plaintiffs note, and the court agrees, that the number of class members is likely to be at least equal to the number of *households* receiving Food Stamp benefits, or 67,637. This number is more than sufficient to warrant class certification. *See, e.g.*, *Blarek v. Encore Receivable Mgmt., Inc.*, 244 F.R.D. 525, 528 (E.D. Wis. 2007) (noting that classes including

more than 40 individuals are generally sufficient to meet the numerosity requirement of Rule 23(a)(1)). Thus, the court concludes the proposed class is sufficiently large to make joinder of all members impracticable.

Commonality pursuant to Rule 23(a)(2) requires the presence of questions of law or fact common to the class. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among class members' experiences will not defeat class certification. *Id.* at 1017. Plaintiffs need only show there is "at least one question of law or fact common to the class" to satisfy the commonality requirement. *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991). Here, the court finds that common questions of both law and fact exist within the proposed class. Plaintiffs' proposed class members share factual circumstances because each member has had to complete the same application forms, has been subjected to the same review processes, and has suffered the same delays or interruptions in receiving their benefits from Milwaukee County officials administering the Food Stamp, Medical Assistance and BadgerCare Plus programs. Plaintiffs' proposed class also share common legal questions, including whether defendants' actions in administering these programs violated the Social Security Act, the Food Stamp Act, the Americans with Disabilities Act and the Rehabilitation Act. As a result, this case appears to be one in which the plaintiffs allege that defendants "have engaged in standardized conduct towards

members of the proposed class . . . ." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998), and, as a result, the court finds that plaintiffs' claims meet the commonality requirement of Rule 23(a)(2).

Rule 23(a)(3) requires the representative's claims be typical of those of the class. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This requirement ensures "that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana*, 472 F.3d at 514 (citations and internal quotation marks omitted). Here, the court finds that the named plaintiffs allege claims that are typical of the claims of others in the proposed class. Both the claims of the representatives, and the claims of other proposed class members, arise from defendants' alleged practices and procedures in administering the Food Stamp, Medical Assistance and BadgerCare program. The representatives and potential class members also share the same legal theory that those practices and procedures, though perhaps not always uniformly applied, violate the Social Security Act, the Food Stamp Act, the Americans with Disabilities Act and the Rehabilitation Act. Despite the fact that the circumstances of many class members are distinct, for example not all of the plaintiffs experienced the same problems or seek the identical benefits, such factual differences are insufficient to defeat typicality in this case. *See De La Fuente*, 713

F.2d at 232. Therefore, the court finds that plaintiffs' proposed class meets Rule 23(a)(3).

Adequacy of representation pursuant to Rule 23(a)(4) requires the named plaintiffs to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation has three requirements. First, the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Second, the named representatives must have "a sufficient interest in the outcome to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). Third, counsel for the named plaintiffs must be competent, experienced, qualified, and generally able to conduct the litigation vigorously. *Kriendler v. Chemical Waste Mgmt., Inc.*, 877 F. Supp. 1140, 1159 (N.D. Ill. 1995). Here, the claims of the named plaintiffs do not appear to be antagonistic or conflicting with those of the proposed class members. The named plaintiffs seek a benefit processing system in Milwaukee County that functions in accordance with federal law. The named plaintiffs also appear to have a sufficient interest in the outcome of the case as they either currently receive, or are seeking benefits under these state programs. According to an affidavit included with plaintiffs' motion, plaintiffs' counsel Ann L. De Leo has experience in litigating class action lawsuits in federal court, as well as experience in litigating issues involving social assistance programs in Wisconsin and Milwaukee County. Therefore, the court finds that the representative

plaintiffs will fairly and adequately protect the interests of the proposed class. Concurrently, after considering the factors address in Rule 23(g)(1), the court finds that plaintiffs' counsel would fairly and adequately represent the interests of the proposed class.

The court next looks to whether plaintiffs can satisfy one of the requirements of Rule 23(b). Plaintiffs seek to certify the class under Rule 23(b)(2) which allows for certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Certification under Rule 23(b)(2) is appropriate in cases where plaintiffs seek injunctive or declaratory relief concerning standard practices or policies of employers applicable to the entire class. *See, e.g.*, *Meiresonne v. Marriott Corp.*, 124 F.R.D. 619, 625 (N.D. Ill. 1989); *Hendricks-Robinson, et al. v. Excel Corp.,* 164 F.R.D. 667, 671 (C.D. Ill. 1996) (certifying class adversely affected by company-wide medical layoff policy). Here, plaintiffs seek declaratory and injunctive relief relating to the generally applicable practices and policies of defendants that allegedly violate federal law. Therefore, the court finds that certification under Rule 23(b)(2) is appropriate in this case.

Finally, plaintiffs seek leave for Legal Action of Wisconsin, Inc., to withdraw as plaintiffs' co-counsel in this case. (Docket #27). Legal Action of Wisconsin, Inc., asserts that it is prohibited from participating in class action lawsuits due to the

-7-

Case 2:08-cv-00670-JPS   Filed 04/08/09   Page 7 of 9   Document 31

support it receives from the federal government's Legal Services Corporation. *See* 45 C.F.R. § 1617.3. The court will grant plaintiffs' motion.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to amend the complaint (Docket #18) be and the same is hereby **GRANTED**; Rafael Garcia, Jr. and Desiree Seamster are hereby added as party plaintiffs in this action;

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to permit Legal Action of Wisconsin, Inc., to withdraw from representation in this case (Docket #27) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify this case as a class action (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the following plaintiff class be and the same is hereby **CERTIFIED**:

> All eligible applicants for and recipients of Food Stamps, Medical Assistance and BadgerCare Plus benefits whose applications and/or continuing eligibility for such benefits are processed by Milwaukee County.

**IT IS FURTHER ORDERED** that the named plaintiffs, April West, Shenita Horton, Natalie Espinoza, Shira Raymond, Awilda Bosque, Bobbie Prescott, Julette Murphy, Elizabeth Torres, Caroline Wesley, Mary Ranson, Angela Clements, Clara Trujillo, Jeffrey Polinske, Rafael Garcia, Jr. and Desiree Seamster shall be the class representatives, and plaintiffs' counsel, Anne L. De Leo of the law firm of Nelson,

-8-

Irvings & Waeffler, S.C., is appointed as counsel for the class under Fed. R. Civ. P. 23(g).

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge